SULLAIR CORPORATION, Plaintiff,

v.

Donald C. HOODES, Defendant.

No. 84 C 6190.

United States District Court,
N.D. Illinois, E.D.

Oct. 30, 1987.

Joseph R. Lundy, Frederic R. Klein, Schiff, Hardin and Waite, Chicago, Ill., for plaintiff.

Stuart D. Perlman, Chicago, Ill., A. Barry Cappello, Goux, Romasanta & Capello (Pro Hac Vice), Scott B. Campbell, Michael W. McCann, Capello & Foley, Santa Barbara, Cal., for defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

This case arises under § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b). Plaintiff seeks recovery of alleged insider profits earned by defendant from his sale and subsequent purchase within six months of 6,000 shares of Sullair Corporation common stock. Plaintiff has moved for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Because there exists no genuine issue of material fact which could preclude recovery, the motion is granted.

## DISCUSSION

Section 16(b) is a "flat rule" imposing strict liability for profits earned by any officer or director who sells and purchases equity securities of his corporation within a period of less than six months. *Foremost–McKesson v. Provident Securities*, 423 U.S. 232, 243–44, 96 S.Ct. 508, 515–16, 46 L.Ed.2d 464 (1975) (officers and directors are "presumed to have access to inside information"). The rule applies whenever the officer or director held his position at the time of the initial transaction, even if he left his post prior to the

transaction giving rise to his liability. *Id.* at 242–43, 96 S.Ct. at 515–16.

Defendant has admitted that he was Chairman of the Board and Chief Executive Officer of Sullair Corporation on July 20, 1982 when he sold 6,000 shares of Sullair common stock for $38,350. On August 20, 1982 he exercised options to purchase 55,-242 shares of Sullair common stock, 6,000 shares of which cost him $18,060. Thus, defendant realized a profit of $20,290 on the sale and purchase of 6,000 shares of Sullair stock within a six-month period.

Securities and Exchange Commission regulations provide that, where the purchase involves the exercise of options acquired, under an employee stock option agreement, more than six months prior to the date of purchase, the purchase price used for calculating § 16(b) liability must be adjusted to reflect long-term appreciation in the value of the stock. *Brenner v. Carter Academy, Inc.,* 467 F.2d 1080 (7th Cir.1972). The adjustment is accomplished by first determining the minimum price of "any security of the same class within six months before or after the date of purchase." SEC Rule 240.16b–6. The court then uses the higher of this price and the option price to calculate the insider's liability.

In this case, defendant acquired his options pursuant to an employee stock option agreement on February 24, 1976. The option price was $3.01 per share. The lowest market price of Sullair stock in the period within six months of the date of exercise— January 20, 1982 to January 21, 1983—was $4.50 per share. Thus, the adjusted purchase price for the 6,000 shares comes to $27,000—$4.50 × 6,000. When this figure is subtracted from the $38,350 sale price, defendant's "insider profits" become $11,-350.

Defendant's argument that he should not be held liable because the corporation had made up its mind to terminate him on July 17, 1982—three days prior to his initial sale of the 6,000 shares—ignores the strict nature of § 16(b). Defendant held his post until July 21, 1982, so that is the relevant date for the purposes of the statute. De-fendant's ability to gain access to inside information at the time of the July 20 transaction is completely irrelevant. *See Reliance Electric Co. v. Emerson Electric Co.,* 404 U.S. 418, 422, 92 S.Ct. 596, 599, 30 L.Ed.2d 575 (1972).

Defendant's equitable estoppel argument is equally unavailing. Courts have generally agreed that "equitable defenses in § 16(b) cases [are] insufficient as a matter of law." *Texas International Airlines v. National Airlines, Inc.,* 714 F.2d 533, 536 (5th Cir.1983). *See also Cutler–Hammer, Inc. v. Leeds & Northrup Co.,* 469 F.Supp. 1021, 1023 (E.D.Wis.1979). Moreover, even were equitable estoppel an available defense, defendant could not prevail here. For defendant has not set forth any facts to create a genuine issue as to the propriety of plaintiff's conduct in informing defendant that his options would soon expire or in assisting defendant to exercise them. Indeed, whereas defendant benefitted substantially from this information and assistance—he will retain the "long-term" profits on the 6,000 shares as well as the entire profit on another 49,252—plaintiff gained nothing on account of its actions. Accordingly, summary judgment for plaintiff is not precluded by defendant's assertion of this affirmative defense. *Compare Kay v. Scientex Corp.,* 719 F.2d 1009, 1014 (9th Cir.1983) (holding that, even if an equitable estoppel defense were available, it would not preclude summary judgment because defendant "failed to back up his allegations with any evidence of wrongdoing by [plaintiff]. He has not come forward with evidence supporting a defense of estoppel.").

## CONCLUSION

Plaintiff's motion for summary judgment is granted. Plaintiff is awarded $11,350 plus costs.